The opinion of the Court was delivered by
O’Neall, J.
In this case, the only question is whether the action on the case is maintainable ? The plaintiff’s deed after conveying the tan-yard and lot says, “also the right of occupying the house on the right hand side of the road in which Langston lives.” The plaintiff under this, had possession for several years. The defendant, who had been for several years in possession of the -tract of land on which the house stood, and who was the owner of the same, finding the plaintiff out of possession, pulled down and removed the house. The plaintiff brought case and recovered. The defendant contends, and I think rightly, that the action should have been trespass.
The boundaries between case and trespass are, I think, in reference to real estate very clearly defined. In the first place it must be, to entitle the plaintiff to maintain trespass, an injury to real property corporeal: 1 Chitt. Plead. 139, 173, a. Secondly, the plaintiff must either have actual possession, or right of immediate possession.
It lies, as Mr. Chitty tells us in his first volume of Pleadings, 174, however temporary may be the plaintiff’s interest. The right to occupy a house, is enough, for “ a house,” is one of the subjects of trespass to which Mr. Chitty refers at 173, a, of his first volume. The case of Caldwell vs. Julian, 2 Mill, 294, is an illustration of it directly applicable to this case; there the *142 plaintiff was in possession of a house on the land of the defendant, Robert Caldwell, by his consent; he with the other defendants entered and pulled down the house and damaged her property; it was held that trespass was the proper remedy.
The only authority relied on to sustain the action was Marshall vs. White, Harp. 122. There case was held to be the proper remedy for turning one out of a pew. But, that proceeded upon a plain and acknowledged principle that “case is the proper remedy for disturbing a party in the possession of a pew in a church, and where the pew is annexed to a house in the parish.” 1 Chitt. Plead. 142. Unless the pew be so annexed, it seems no action at law in England could be maintained. Mainwaring vs. Giles, 5 Barn. and Ald. 356, (7 Eng. Com. Law Rep. 129.)
The action should h|ive been trespass and not case.
The motion for a nonsuit is granted.
Whitner, G-lover and Munro, JJ., concurred.
Wardlaw, J.
I doubt still. The plaintiff was not in actual possession when the house was pulled, down. See Shep. Touch. 97, 190; Co. Litt.; 4 Burr. 1824.

Motion granted.